**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SHAWNTE DAVON HARDIN, | Case No. 3:25-CV-02622-JRK |
| Petitioner, | JUDGE JAMES R. KNEPP II |
| v. | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| JAY FORSHEY, WARDEN, | |
| Respondent. | **REPORT & RECOMMENDATION ON PETITIONER'S MOTION TO STAY** |

## I.    INTRODUCTION

Petitioner, Shawnte Davon Hardin ("Mr. Hardin"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 4). Presently before me is Mr. Hardin's motion to stay this proceeding and hold it in abeyance while the Ohio courts adjudicate his state court petition for postconviction relief. (ECF No. 12). Respondent, Warden T.J. Martin,[1] does not oppose Mr. Hardin's motion. For the reasons set forth below, I recommend that the Court GRANT Mr. Hardin's motion and stay this proceeding pending final resolution of his state court postconviction petition. I also recommend that the Court order Mr. Hardin to file a motion to lift the stay within 30 days of the state courts' final adjudication of his postconviction petition.

## II.    PROCEDURAL HISTORY

On November 20, 2025, Mr. Hardin filed his § 2254 habeas petition in the United

---

[1] Mr. Hardin named Warden Jay Forshey as the respondent in his petition. (ECF No. 4). Respondent states that Mr. Hardin is currently incarcerated at the Noble Correctional Institution, and that Warden T.J. Martin is the acting warden of that institution, and thus the proper respondent in this proceeding. (ECF No. 14, PageID # 122, n.1; *see also* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A806173 (last accessed April 23, 2026)). I recommend that the Court substitute Warden T.J. Martin for Warden Jay Forshey as the respondent in this proceeding.

States District Court for the Southern District of Ohio. (ECF No. 4). Mr. Hardin's petition raises 35 grounds for relief. *Id*. On December 2, 2025, Mr. Hardin's petition was transferred to this Court. (ECF No. 2). On December 29, 2025, the Court referred this matter to me pursuant to Local Rule 72.2 to prepare a report and recommendation on Mr. Hardin's petition. (*See* ECF non-document entry dated December 29, 2025).

On March 11, 2026, Mr. Hardin filed the present motion. (ECF No. 12). In the motion, Mr. Hardin states that, on January 21, 2026, he filed a subsequent/successive postconviction petition in the Lucas County Court of Common Pleas raising new evidence that he argues undermines his convictions for tampering with records and abuse of a corpse. Mr. Hardin asks the Court to stay this proceeding and hold his habeas petition in abeyance until the Ohio courts dispose of the postconviction petition. On March 25, 2026, the Warden filed a response stating that he does not oppose Mr. Hardin's motion for a stay. (ECF No. 14).

## III.  ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Because Mr. Hardin is pursuing a successive postconviction petition with respect to

some, but not all, of his claims, his petition is a "mixed" petition that contains both exhausted and unexhausted grounds for relief. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). When faced with a mixed petition, a court must generally dismiss the entire petition without prejudice. *Lundy*, 455 U.S. at 510. In *Rhines*, however, the Court held that a district court may also stay the action for good cause and permit the petitioner to present the unexhausted claim in state court. *Rhines*, 544 U.S. at 277. But "[s]tay and abeyance, if employed too frequently, has the potential to undermine" AEDPA's goals of finality and streamlining federal habeas proceedings. *Id*. Accordingly, the *Rhines* Court held that stay and abeyance "should be available only in limited circumstances" where: (1) the petitioner has good cause for the failure to exhaust; (2) the petitioner's claims are not "plainly meritless"; and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78.

With respect to the first factor, Mr. Hardin argues that he has demonstrated good cause for his failure to exhaust because he did not discover the alleged new evidence—the testimony of two additional witnesses—until roughly January 1, 2026, after he filed his habeas petition. The Warden, who does not oppose Mr. Hardin's motion, responds that it is important for the Ohio courts to have an initial opportunity to rule on Mr. Hardin's arguments. The Warden also states that he may wish to rely on the state courts' rulings in opposing Mr. Hardin's habeas petition. The Warden does not challenge whether Mr. Hardin could have raised his arguments during his initial appeal. This factor accordingly weighs in favor of a stay.

With respect to the second factor, Mr. Hardin argues that his claims are not plainly meritless because the additional evidence he presents in his postconviction petition demonstrates that there was insufficient evidence to support the tampering with records and abuse of a corpse convictions. The Warden does not concede that Mr. Hardin's claims have

merit, However, the Warden argues that the state courts should have the first opportunity to review Mr. Hardin's claims even if they are without merit. At this stage, it is not clear that Mr. Hardin's claims are plainly meritless, and this factor weighs in favor of granting a stay.

The final factor is whether the petitioner has engaged in abusive litigation tactics or intentional delay. There is no suggestion that Mr. Hardin has done so here. All three factors weigh in favor of a stay, and I recommend that the Court grant Mr. Hardin's motion to stay these proceedings and hold his petition in abeyance until the state courts' final resolution of his postconviction petition.

Finally, the Warden requests that, if the Court grants a stay, it also condition the stay on Mr. Hardin filing a motion to reinstate the case on the Court's active docket (or, alternatively. to dismiss the case) within 30 days after he exhausts his state court remedies. In his motion, Mr. Hardin agrees to file a motion to lift the stay within 30 days of the state courts' final decision. The Warden's request is well-taken, and I recommend that the Court condition the stay on Mr. Hardin filing a motion to reinstate or dismiss within 30 days of the state courts' final resolution of his postconviction petition. In the event that the Court reinstates the case upon Mr. Hardin's motion, I will issue a supplemental Order to Show Cause requiring the Warden to respond to Mr. Hardin's petition.

## IV. RECOMMENDATION

For the foregoing reasons, I recommend that the Court grant Mr. Hardin's motion to stay and hold this proceeding in abeyance pending final resolution of his state court postconviction petition. I also recommend that the Court order Mr. Hardin to file a motion to lift the stay within 30 days of the state courts' final resolution of his postconviction petition.

Dated:  April 24, 2026

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

4

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate

the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).